UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00135-CRS-HBB

GARY H.[1]                                                                      PLAINTIFF

VS.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

#### I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Gary H. ("Plaintiff") seeking judicial review

of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Plaintiff filed an initial

brief (DN 9).   Defendant filed a brief in response (DN 10), and Plaintiff filed a brief in reply (DN

11).   For the reasons that follow, the undersigned **RECOMMENDS** that the Court **AFFIRM** the

final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

Pursuant to General Order No. 2023-02 and 28 U.S. C. § 636(b)(1)(B), this matter has been

referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries

and submit Findings of Fact, Conclusions of Law, and Recommendations.   By Order entered

February 17, 2026 (DN 8), the parties were notified that oral arguments would not be held unless

a written request therefore was filed and granted.   No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II.    FINDINGS OF FACT

On August 11, 2022, Plaintiff protectively filed an application Supplemental Security Income (Tr. 17, 181-82, 183-97).   Plaintiff alleged that he became disabled on July 23, 2022, as a result of a lower back injury, bulging discs, a ruptured disc, leg pain, hip pain, high blood pressure, a fatty liver, memory problems, and anxiety (Tr. 17, 108, 117).   The application was denied initially on May 3, 2023, and upon reconsideration on November 16, 2023 (Tr. 17, 116, 128).[2]   On January 5, 2024, Plaintiff filed a written request for hearing (Tr. 17, 148).

On June 11, 2024, Administrative Law Judge David Peeples ("ALJ") conducted a telephonic hearing (Tr. 17, 41).   Plaintiff and his counsel, Eric Joseph Yocum, participated (*Id.*). Lisa Courtney, an impartial vocational expert, testified during the hearing (Tr. 17, 41).

In a decision dated August 1, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-34).   At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 11, 2022, the alleged onset date (Tr. 20).   At the second step, the ALJ determined that Plaintiff has the following severe impairments:   degenerative disc disease, obesity, depression and anxiety (*Id.*).   The ALJ also determined that Plaintiff has the following medically determinable impairments that are not severe:   hypertension, fatty liver, and carpal tunnel syndrome (*Id.*).   At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except he should never climb ladders, ropes

---

2 The ALJ indicates the application was denied upon reconsideration on October 28, 2019 (Tr. 15).   As the Disability Determination and Transmittal form indicates October 25, 2019 (Tr. 70), the undersigned has used that date.

or scaffolds; he can occasionally climb ramps and stairs; he can frequently balance; he can occasionally stoop, kneel, crouch and crawl; he should avoid concentrated exposure to vibration, and avoid all exposure to hazards including unprotected heights or moving mechanical parts; he can understand and remember simple instructions; he can maintain attention and concentration to carry out simple tasks over a routine workday and workweek; he can relate adequately with supervisors and coworkers, and can have occasional contact (up to one third of the time) with the general public; he can adapt to situational conditions and changes in a routine work setting (Tr. 22). Additionally, the ALJ determined that Plaintiff has no past relevant work (Tr. 32).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience, as well as testimony from the vocational expert (Tr. 32-33). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 33). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from August 11, 2022, through the date of the decision, August 1, 2024 (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 178-80). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of*

*Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B.     The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 *et seq.* (Title XVI Supplemental Security Income). The term "disability" is defined as an:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. § 416.920(a).  In summary, the evaluation proceeds as follows:

1)      Is the claimant engaged in substantial gainful activity?

2)      Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the RFC to return to his or her past relevant work?

5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v).  Here, the ALJ denied Plaintiff's claim at the fifth step.

### C.      **Medically Determinable Impairment**

#### 1.  *The Parties' Arguments*

Plaintiff claims the ALJ erred in failing to find that his spinal stenosis is a medically determinable impairment ("MDI") (DN 9-1 PageID # 985-87) (citing 20 C.F.R. § 416.921). Plaintiff contends he presented sufficient evidence to make such a finding, citing a lumbar MRI, taken on May 18, 2023, "that objectively showed left neuroforaminal stenosis exiting the left nerve root with additional scattered neuroforaminal stenosis and mid-spinal canal stenosis" (DN 9-1 PageID # 986) (citing Tr. 868-69).  Additionally, he cites a lumbar X-ray, taken on October 14, 2023, that "also noted foraminal stenosis" (*Id.*) (citing Tr. 833).  Plaintiff contends the ALJ's error is not harmless because, when formulating the RFC, the ALJ "must include all limitations from all MDIs, even those found to be 'nonsevere'" (*Id.*) (citing 20 C.F.R. § 416.945.(a)(2)).  Plaintiff

5

reasons, "[b]ecause the ALJ did not identify [Plaintiff's] spinal stenosis as an MDI, the ALJ could not, according to the Agency's own regulations, use any relevant limitations when formulating the RFC" (*Id.* at PageID # 986-87). Plaintiff claims, "[b]y failing to identify [Plaintiff's] spinal stenosis as an MDI, the ALJ, and by extension the Agency, has failed to follow its own procedures and regulations" (*Id.* at PageID # 987). Plaintiff posits, "[t]his, by itself, is reversible error" (*Id.*) (citing *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006)).

Defendant responds that Plaintiff fails to show any error by the ALJ (DN 10 PageID # 992). Defendant reasons, "the ALJ found that Plaintiff's degenerative disc disease, another back impairment, was severe" (*Id.*). Defendant explains that the MRI showed Plaintiff had degenerative changes at L5-S1, as well as a moderate left neuroforaminal stenosis and mild spinal canal stenosis at L1-2 (*Id.*) (citing Tr. 866-69). Additionally, the lumbar X-ray revealed significant degenerative disc disease with facet arthropathy and foraminal stenosis (*Id.*) (citing Tr. 833). Therefore, argues Defendant, "the spinal stenosis was part of the finding of degenerative disc disease and not a distinct impairment" (*Id.*). Additionally, Defendant points out that the ALJ thoroughly evaluated Plaintiff's back impairment (*Id.*) (Tr. 24-27). Therefore, Defendant argues, "Plaintiff fails to establish that spinal stenosis is a separate [MDI], and the ALJ considered Plaintiff's back pain in determining his [RFC], there has been no showing of error" (*Id.*).

Plaintiff replies, as the ALJ did not find his spinal stenosis is an MDI, under the Agency's own regulations, "the RFC could not be based on any evidence or restrictions from [Plaintiff's] spinal stenosis as it was never identified as an MDI" (DN 11 PageID # 998). Plaintiff contends because the ALJ did not follow the Agency's own regulations, "even if the ALJ's Decision was

ultimately supported by substantial evidence, which [Plaintiff] does not concede, reversal is still necessary" (*Id.*) (citing *Bowen*, 478 F.3d at 746).

### 1.    *Discussion*

The applicable regulation reads:

> If you are not doing substantial gainful activity, we will then determine whether you have a medically determinable physical or mental impairment(s) (see § 416.920(a)(4)(ii)).    Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques.   Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source.    We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s). After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.

20 C.F.R. § 416.921.[3]   In Finding No. 2, the ALJ concluded that Plaintiff's degenerative disc disease, obesity, depression, and anxiety are medically determinable physical and mental impairments that are severe within the meaning of the regulations (Tr. 20).[4]   *See* 20 C.F.R. § 416.920(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). Additionally, the ALJ found Plaintiff's hypertension, fatty liver, and carpal tunnel syndrome (post-2016-surgery) are medically determinable physical impairments that are non-sever within the meaning of the regulations (*Id.*).   *See* 20 C.F.R. § 416.922(a) ("An impairment . . . is not severe if it does not significantly limit your physical or mental ability to do basic work activities.").   The ALJ's findings are supported by substantial evidence in the record and comply with 20 C.F.R. § 416.921.

---

3 In Finding No. 1, the ALJ ascertained that the condition precedent in the first sentence of the regulation is fulfilled (Tr. 20).

4 To satisfy the "severe" requirement the impairment must "significantly limit" a claimant's physical or mental ability to do "basic work activities."    20 C.F.R. § 416.922(a).

Defendant does not contest that imaging (MRI, X-ray) evidence in the record is sufficient to determine Plaintiff's spinal stenosis is an MDI. Instead, Defendant suggests that Plaintiff benefitted from the ALJ considering the spinal stenosis and the degenerative disc disease together as one MDI. The undersigned agrees. In Finding No. 2, the ALJ determined that Plaintiff's degenerative disc disease is a severe MDI (Tr. 20). In connection with Finding No. 3, the ALJ discussed why Plaintiff does not meet or medically equal the severity of Listing 1.15 *Disorders of the skeletal spine resulting in compromise of a nerve root* **and** Listing 1.16 *Lumbar spine stenosis resulting in compromise of the cauda equina* (Tr. 21). In connection with Finding No. 4, the ALJ discussed Plaintiff's subjective statements, treatment records, consultative examination reports, and the prior administrative medical findings of the state agency physicians addressing Plaintiff's degenerative disc disease and stenosis (Tr. 22-31). In doing so, the ALJ specifically mentioned the very imaging evidence (MRI and X-rays), cited by Plaintiff, that identifies both degenerative disc disease and stenosis in the lumbar spine (Tr. 26, 27). Consequently, the ALJ did consider the limitations imposed by Plaintiff's degenerative disc disease and stenosis in formulating the physical RFC set forth in Finding No. 4 (Tr. 22-32).

Plaintiff's reliance on *Bowen*, 478 F.3d at 746, is equally unavailing. In *Bowen*, the Sixth Circuit observed:

> Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir.2004) (quoting *Connor v. United States Civil Service Commission*, 721 F.2d 1054, 1056 (6th Cir.1983), for the principle that an agency's decision will be reversed upon a "showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.").

*Id.* But the circumstances in *Bowen* are distinguishable from those before this Court. In *Bowen* the ALJ plainly violated the terms of 20 C.F.R. §404.1527(d)(2) ("the treating physician rule") when the ALJ failed to discuss the opinion of Dr. Holean, the claimant's treating psychologist. *Id.* at 747. The Sixth Circuit explained because the treating physician rule "provides claimants with an 'important procedural safeguard,' the SSA was not free to relax or disregard the rule in an ad hoc fashion." *Id.* (citing *Wilson*, 378 F.3d at 547). Here, Plaintiff has not cited, nor has the undersigned found, a single Sixth Circuit case making a similar pronouncement about 20 C.F.R. § 416.921, the regulation the ALJ purportedly violated. Consequently, for the above stated reasons, Plaintiff has not demonstrated that the ALJ's purported error prejudiced him on the merits or deprived him of a substantial right.

Moreover, Plaintiff ignores the Sixth Circuit's harmless error discussion in *Bowen*. *Id.* at 747-50. In particular, the Sixth Circuit's reference to a case where it recognized that an ALJ's failure to abide by the letter of § 404.1527(d)(2) amounted to harmless error because the ALJ's analysis satisfied the goals of § 404.1527(d)(2) "by 'indirectly attacking' the treating physicians' opinions." *Id.* at 748 (quoting *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006)). Here, while the ALJ may not have found Plaintiff's stenosis is an MDI, the ALJ's analysis pertaining to Finding Nos. 3 and 4 indicate Plaintiff benefitted from the ALJ considering the spinal stenosis and the degenerative disc disease together as one MDI. Consequently, the purported failure of the ALJ to comply with 20 C.F.R. § 416.921 would be harmless error.

For the above reasons, the undersigned finds there is no merit to Plaintiff's first claim.

### D.     Persuasiveness Finding

#### 1.     *The Parties' Arguments*

Plaintiff argues the ALJ erred in finding unpersuasive Dr. Khushdeep Vig's opinion that Plaintiff can only stand 10 minutes (DN 9-1 PageID # 987).   Plaintiff contends the limitation is supported by Dr. Vig's own examination findings which included reduced lumbar range of motion in all areas of the lumbar spine, an antalgic gait, diminished strength in the left lower extremity, and positive bilateral straight leg tests (*Id.*) (citing Tr. 832, 835, 837).   Further, Plaintiff asserts Dr. Vig's findings are consistent with examination findings of his medical providers (*Id.* at PageID # 988) (citing Tr. 384, 426, 526, 879, 881, 882, 885, 889, 893).

In response, Defendant points out that the ALJ found Dr. Vig's opinion persuasive for limiting Plaintiff to light work but not persuasive for finding Plaintiff could only stand for 10 minutes (DN 10 PageID # 993).   Defendant suggests that Plaintiff's argument amounts to a request for the Court to reweigh the evidence which is impermissible (*Id.* at PageID # 994-95).   Further, Defendant points out that Plaintiff has merely cited abnormal findings with no explanation for how they are consistent with Dr. Vig's standing restriction (*Id.* at PageID # 995).

In reply, Plaintiff rehashes the evidence cited in his initial argument (DN 11 PageID # 999-1000).   Plaintiff asserts inasmuch as Dr. Vig's examination findings are consistent with the examination findings of the other medical providers in the record, by the Agency's own regulations the ALJ was required to find Dr. Vig's standing limitation persuasive.

#### 2.     *Discussion*

The residual functional capacity ("RFC") determination is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.

20 C.F.R. §§ 416.945(a), 416.946(c).   ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c).   Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations.   20 C.F.R. §§ 416.1520c, 416.1529(a).

As Plaintiff filed his SSI claim after March 27, 2017, the new regulations apply to Dr. Vig's medical opinion.   *See* 20 C.F.R. § 416.920c.   The regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[5] in the record, even if it comes from a treating medical source.   20 C.F.R. § 416.920c(a). [6]   Instead, ALJs now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.   20 C.F.R. § 416.920c(a) and (b).   The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.   20 C.F.R. § 416.920c(c)(1)-(5).[7]   Of these five factors, the two most important are supportability and consistency.   20 C.F.R. § 416.920c(a) and (b)(2).   The regulations require ALJs to explain how they considered the supportability and consistency factors

---

5 At the initial and reconsideration levels, state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings."   20 C.F.R. § 416.913a(a)(1).   ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation.   20 C.F.R. § 416.913a(b)(1).

6 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. § 416.927(c)(2).

7 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship.   20 C.F.R. § 416.920c(c)(3)(i)-(v).

in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 416.920c(b)(2).[8]

The regulations provide the following descriptions:

> (1)   *Supportability*.   The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2)   *Consistency*.   The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

Dr. Vig's report sets forth Plaintiff's subjective complaints, findings on examination, results of lumbar spine imaging, and an opinion about Plaintiff's physical limitations (Tr. 831-33). The ALJ provided an accurate summary of Dr. Vig's report (Tr. 26).   The ALJ found Dr. Vig's "opinion persuasive for limiting the claimant to light work, but is *unpersuaded to find the claimant can only stand 10 minutes*" (*Id.*) (emphasis added).   The ALJ explained the standing limitation "is excessive given the medical record as a whole including his positive response to pain medication" (*Id.*).   Consequently, the ALJ expressly determined Dr. Vig's standing limitation was not consistent with the medical evidence of record discussed in the preceding and following paragraphs of the decision (Tr. 22-32).

Plaintiff argues that Dr. Vig's standing limitation is supported by his own objective findings that Plaintiff had a reduced lumbar range of motion in all areas of the lumbar spine, an antalgic gait, diminished strength in the left lower extremity, and positive bilateral straight leg tests (DN 9-1 PageID # 987-88) (citing Tr. 832, 835, 837).   But the ALJ considered the abnormal

---

8 Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion.   20 C.F.R. § 416.920c(b)(2).

objective findings highlighted by Plaintiff (Tr. 26).    In contrast to Plaintiff, the ALJ also considered these additional objective findings by Dr. Vig: Plaintiff's posture was normal; he was negative for tenderness to palpitation; he could sit and stand without difficulty; his sensation was intact to light touch; and his reflexes were 2+ and symmetrical (*Id.*).    Moreover, Plaintiff fails to explain how the above-mentioned abnormal findings support Dr. Vig's standing limitation.

Next, Plaintiff asserts that Dr. Vig's objective findings are consistent with abnormal objective findings made by Plaintiff's own medical providers (*Id.* at PageID # 988) (citing Tr. 384, 388, 426, 526, 879, 881, 882, 885, 889, 893).    Again, the ALJ considered these abnormal objective findings as well as other normal objective findings made by Plaintiff's own medical providers (Tr. 22-32).    Equally important, Plaintiff does not explain how the above-mentioned abnormal findings support the 10-minute standing limitation.    By contrast, Plaintiff explained why the evidence of record did not support such an extreme limitation (Tr. 26).    In sum, the ALJ's persuasiveness finding concerning the 10-minute standing limitation is supported by substantial evidence in the record and comports with the applicable law for assessing the persuasiveness of medical opinions.    20 C.F.R. § 416.920c(b)(2).

### IV.    CONCLUSION

As the undersigned noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified).    Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ.    42 U.S.C. § 405(g).    Rather, the undersigned is only to find if substantial evidence exists to support the ALJ's

decision and if the ALJ followed the applicable law.  *Id.*   After reviewing the record, the undersigned concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence and comply with applicable law.   As such, the undersigned **RECOMMENDS** that the Court **AFFIRM** the final decision of the Commissioner, and judgment be **GRANTED** for the Commissioner.

June 1, 2026

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

14

## VI.    NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.    Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.    If a party has objections, such objections must be timely filed, or further appeal is waived.    *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

June 1, 2026

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies:         Counsel